UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JARED RYAN MARCUM,<br><br>Defendant. | Case No. 4:15-CR-6031-EFS-1<br>2:04-CR-6045-EFS-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY DETENTION ORDER |

**BEFORE THE COURT** is Defendant's "Motion to Reopen Detention Hearing and Modify Detention Order." ECF No. 87 (4:15-CR-6031-EFS-1); ECF No. 235 (2:04-CR-6045-EFS-1). The motion was heard with oral argument on April 27, 2017 in Yakima. Defendant was present and represented by Nicholas Marchi. The United States is represented by Assistant United States Attorney Laurel J. Holland.

Defendant initially requested to proceed *pro se* for purposes of the hearing. The undersigned thereafter engaged in a preliminary discussion with Defendant pursuant to *Faretta v. California*, 422 U.S. 806, 807 (1975). Defendant subsequently agreed to have Mr. Marchi continue to represent him for purposes of the bail review motion, and the Court determined Defendant would be permitted to present supplemental argument on the motion.

Defendant previously waived the right to a bail hearing and, on September 21, 2015, Magistrate Judge James P. Hutton granted the United States' motion for

ORDER - 1

detention. ECF No. 23. Defendant was thereafter detained, and the original pretrial services report, ECF No. 15, was limited to the criminal history of Defendant. Defendant now avers a change of circumstances: if released, he has a residence to live in, employment, and an appointment for counseling services. ECF No. 87 at 2.

Both sides presented argument. The United States asserted Defendant has not submitted sufficient evidence to rebut the presumption of detention in this case. The United States argued that Defendant, if released, would present a risk of flight and a danger to the safety of the community. Defendant requested his release on personal recognizance or, in the alternative, the setting of conditions of release to ensure his attendance at future proceedings. ECF No. 87 at 4.

This Court has taken into account the information and evidence produced at this hearing concerning the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, his history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to alcohol and drug abuse, criminal history, record concerning appearance at court proceedings, and the nature and seriousness of the danger to the community posed by Defendant's release.

For purposes of Case No. 4:15-CR-6031-EFS-1, there is a rebuttable presumption that Defendant is a flight risk and a danger to the community based on the nature of the pending charge in this case. 18 U.S.C. § 3142(e). Although the presumption shifts the burden of production to Defendant, the burden of persuasion remains with the United States. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The Court finds Defendant has not rebutted the 18 U.S.C. § 3142(e) presumption and has not met the burden of production establishing there are conditions which will reasonably assure his appearance and the safety of the community.

ORDER - 2

For purposes of Case No. 2:04-CR-6045-EFS-1, the Court finds that, pursuant to Fed. R. Crim. P. 32.1(a)(6), Defendant has not met his burden of establishing by clear and convincing evidence that there are conditions or a combination of conditions that would reasonably assure his presence at trial and the safety of the community.

The Court further finds the United States has established by a preponderance of evidence an absence of conditions or combination of conditions that would reasonably assure this Defendant's presence at trial and has established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community.

**IT IS ORDERED:**

1. Defendant's Motion to Modify the Court's detention order, **ECF No. 87 (4:15-CR-6031-EFS-1); ECF No. 235 (2:04-CR-6045-EFS-1)**, is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested. This Court will treat the motion as

expedited and submitted without argument, and will set a hearing or issue other orders as may be appropriate.

5. If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to insure that the motion is promptly determined.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to counsel of record and to the U.S. Probation Office.

DATED this  28th  day of April, 2017.

*s/ Lonny R. Suko*
LONNY R. SUKO
SENIOR U.S. DISTRICT COURT JUDGE