UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                         Plaintiff,

          v.

JARED RYAN MARCUM,

                         Defendant.

No.  4:15-CR-06031-EFS-1

**ORDER MEMORIALIZING RULINGS FROM OCTOBER 4, 2017 PRETRIAL CONFERENCE**

On October 4, 2017, the Court held a pretrial conference in this matter. Defendant Jared Ryan Marcum was present, represented by Nicholas Wright Marchi. Assistant U.S. Attorney Laurel Jane Holland appeared on behalf of the U.S. Attorney's Office (USAO). Before the Court were Defendant's Motion to Dismiss Indictment, ECF No. 106, Motion to Provide Copy of Discovery to Defendant, ECF No. 119, and Motion to Allow Defendant to Access CDs in the Custody of Yakima Correction Staff, ECF No. 120. Also before the Court was the USAO's Ex Parte Motion for In Camera Review of Grand Jury Transcript, ECF No. 117. At the pretrial conference, the Court ruled on these motions; this Order memorializes and supplements the Court's oral rulings.

//

/

ORDER ENTERING RULINGS - 1

# I.  <u>MOTION TO DISMISS INDICTMENT (ECF NO. 106)</u>

In asking the Court to dismiss the Indictment, Defendant repeats many of the same arguments previously made in his Motion and Memorandum for Grand Jury Transcripts, ECF No. 85.  Defendant continues to believe that the Computer Aided Dispatch (CAD) logs produced in this case somehow prove that the police moved the car involved, either before or after searching it.  Defendant theorizes that police did not disclose this detail to the grand jury, and he argues that this requires dismissing the resulting Indictment.

## A.  Applicable Law

In *United States v. Basurto*, the Court of Appeals for the Ninth Circuit held that "the Due Process Clause of the Fifth Amendment is violated when a defendant has to stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached." 497 F.2d 781, 785 (9th Cir. 1974).  Put another way, a court will only dismiss an indictment based on testimony in the grand jury proceedings if the defendant shows both that the witness knowingly falsified his testimony, and the perjured testimony related to a material issue. *See United States v. Flake*, 746 F.2d 535, 538–39 (9th Cir. 1984) *overruled on other grounds by United States v. Uchimura*, 125 F.3d 1282, 1286 (9th Cir. 1997).  And courts will not assume the materiality of an allegedly perjurious statement. *See United States v. Kaplan*, 554 F.2d 958, 970 (9th Cir. 1977).

The holding in *Basurto* "was carefully and narrowly drawn." *Flake*, 746 F.2d at 538.  Due process does not require that prosecutors

present exculpatory evidence to grand juries. *See United States v. Isgro*, 974 F.2d 1091, 1096 (9th Cir. 1992). And when deciding whether to take the drastic measure of dismissing an indictment, "a court must not only determine whether a defendant has suffered actual prejudice, it must also limit its consideration to those events that actually bear upon the grand jury's decision to indict." *Id.* at 1097–98.

**B.  Analysis**

Defendant correctly points out that the CAD logs in this case begin with an entry that lists cross streets of West 1st Avenue and South Fruitland Street. *See* ECF No. 106-1 at 7. The towing call logs list the same location. ECF No. 106-1 at 11, 13. Yet, every other piece of evidence indicates that the car was stopped and searched approximately one block to the north — at the intersection of Kennewick Avenue and Fruitland Street. *See, e.g.*, ECF No. 106-1 at 15 (search warrant), 17 (return of search warrant), 25 (officer testimony); *see also, e.g.*, ECF No. 50-1 (multiple police reports), ECF No. 55-2 (photos of the car, apparently mid-search, at Kennewick Ave. and Fruitland St.).

Defendant is incorrect, however, that this apparent inconsistency mandates dismissal of the Indictment. Defendant offers no possible reason why police would move the car approximately a block, much less why they would then try to hide that fact.[1] And Occam's razor cuts in favor of an innocent explanation, such as a mistake or imprecision in the CAD logs, rather than Defendant's theory that officers moved the car for some unknown, nefarious purpose.

---

[1] Defendant maintains that moving the car raises an issue as to the chain of custody and the validity of the search of the car. *See* ECF No. 85 at 2.

1    More importantly, even if police did move the car, that fact

2   would not have affected the grand jury proceedings.  As discussed

3   below, the USAO provided a transcript of the grand jury proceedings

4   for in camera review by the Court.  The testimony contains no

5   reference to either the location of the traffic stop or the resulting

6   car search.  Given the evidence before the Court, a review of the

7   transcript reveals no inconsistency, let alone any knowing falsehood,

8   in the testimony.  Further, the witness made clear to the grand jury

9   that the testimony did not describe all the available information but

10  was instead limited to only what was believed necessary to establish

11  probable cause.  Due process and the case law of the Ninth Circuit

12  require nothing more. *See Isgro*, 974 F.2d at 1096.  Defendant's Motion

13  to Dismiss Indictment, ECF No. 106, is denied.

14         **II.   PERSONAL COPIES OF DISCOVERY (ECF NO. 119)**

15         Defendant seeks personal copies of all discovery that the USAO

16  has thus far provided to defense counsel. *See* ECF No. 119.  Defendant,

17  however, has a history of violence, is before this Court for serious

18  drug distribution charges, and is currently incarcerated.[2]  In such

19  cases, to guard against improper use of sensitive information,

20  personal copies of discovery materials are not usually provided to

21  defendants.  Rather, discovery is entrusted to defense counsel, who

22

23  _____

    [2] As set forth in the Pretrial Services Investigation Report, ECF No. 15,
24  Defendant's criminal history and characteristics include — but are not
    limited to — two prior convictions for attempt to elude police, one prior
    conviction for bail jumping, three convictions for assault-related matters,
25  three convictions for firearm-related matters, one prior conviction for
    drug-related matters, being a known gang member, disciplinary issues while
26  incarcerated, and being under supervision at the time of the instant
    offense.

1    will ensure the defendant has adequate access. *See* Fed. R. Civ.
2    P. 16(d)(1) (allowing for restrictions on discovery).

3         Here, the Court finds that Defendant has no special need for
4    personal copies of discovery.  The Court therefore finds no reason to
5    deviate from its normal practice.  Defendant's Motion to Provide Copy
6    of Discovery to Defendant, ECF No. 119, is denied.

7                **III. ACCESS TO COMPACT DISCS (ECF NO. 120)**

8         Defendant filed a motion asking for a court order allowing him
9    to access compact disks (CDs), which are currently in the possession
10   of Yakima County Corrections. ECF No. 120.  He asserts that it is
11   "assumed that the CDs are DNA information form the Washington State
12   Patrol Crime Lab." ECF No. 120 at 1.

13        At the pretrial conference, defense counsel stated that
14   Defendant was being transferred between facilities and asked that the
15   Court hold this Motion in abeyance.  Since then, the administration
16   for the facility at which Defendant is currently housed contacted the
17   Court and indicated that Defendant will likely be able to access and
18   review the CDs via a secure computer.  As such, Defendant's Motion to
19   Allow Defendant to Access CDs in the Custody of Yakima Correction
20   Staff, ECF No. 120, is denied as moot.  Defendant may renew his motion
21   if he continues to be unable to access the CDs.

22       **IV.    IN CAMERA REVIEW OF GRAND JURY TRANSCRIPT(ECF NO. 117)**

23        In responding to Defendant's motion to dismiss the Indictment,
24   the USAO submitted, ex parte, a copy of the grand-jury transcript and
25   asked that the Court conduct an in camera review.  As discussed above,
26   the Court has done so.  The USAO's Ex Parte Motion for In Camera

1 Review of Grand Jury Transcript, ECF No. 117, is therefore granted.

2 The USAO's Motion, ECF No. 117, and the attached transcript, ECF

3 No. 117-1, shall remain sealed-ex parte.

4     Accordingly, **IT IS HEREBY ORDERED:**

5     **1.** Defendant's Motion to Dismiss Indictment, **ECF No. 106**, is

6     **DENIED.**

7     **2.** Defendant's Motion to Provide Copy of Discovery to

8     Defendant, **ECF No. 119**, is **DENIED.**

9     **3.** Defendant's Motion to Allow Defendant to Access CDs in the

10     Custody of Yakima Correction Staff, **ECF No. 120**, is **DENIED**

11     **AS MOOT WITH LEAVE TO RENEW.**

12     **4.** The USAO's Ex Parte Motion for In Camera Review of Grand

13     Jury Transcript, **ECF NO. 117**, is **GRANTED.** The Clerk's

14     Office is advised that motion, ECF No. 117, and the

15     attached transcript, ECF No. 117-1, shall remain sealed-ex

16     parte.

17     **IT IS SO ORDERED.** The Clerk's Office is directed to enter this

18 Order and provide copies to all counsel.

19     **DATED** this __6ᵗʰ _ day of October 2017.

20

21               _s/Edward F. Shea_
                EDWARD F. SHEA
        Senior United States District Judge

22

23

24

25

26