FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 30, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>JARED RYAN MARCUM,<br><br>                Defendant. | No. 4:15-CR-06031-EFS-1<br><br>**ORDER MEMORIALIZING RULINGS FROM NOVEMBER 28, 2017 FINAL PRETRIAL CONFERENCE** |

     On November 28, 2017, the Court held a final pretrial conference in this matter. Defendant Jared Ryan Marcum was present, represented by Nicholas Wright Marchi. Assistant U.S. Attorneys Laurel Jane Holland and Ian Lloyd Garriques appeared on behalf of the U.S. Attorney's Office. Before the Court were Defendant's Trial Notice, ECF No. 137, which the Court construes as a Motion in Limine; Defendant's Motion to Dismiss Indictment, ECF No. 153; Motion for Discovery, ECF No. 154; and related Motion to Expedite, ECF No. 155. Also before the Court were the Government's Motion to Strike Defendant's Motions, ECF No. 158, and related Motion to Expedite, ECF No. 159. At the final pretrial conference, the Court ruled on these motions; this Order memorializes and supplements the Court's oral rulings.

ORDER ENTERING RULINGS - 1

**I.    DEFENDANT'S MOTION IN LIMINE — ECF NO. 137**

Defendant's Trial Brief, ECF No. 137, asks the Court to make several pretrial rulings and is therefore construed as a motion in limine.

**A.    Rule of Exclusion**

Defendant asks that the Court exclude all witnesses during trial until their testimony, including the Government's case detective. *See* ECF No. 137 at 3.

The Court's usual practice is to allow one case agent to remain in the courtroom, even when the parties ask that the Court invoke the rule of exclusion, because a case agent's presence can often be essential to the Government in presenting its case. *See* Fed. R. Evid. 615. The Court is unaware of any reason — and Defendant offers none — for why the Government's case detective should be subject to the rule of exclusion. As such, the Court grants in part and denies in part this portion of Defendant's motion; **unless and until called to testify, all witnesses — except for Defendant and the Government's case agent — shall remain outside the courtroom so that they cannot hear other witnesses' testimony.**

**B.    Prior Convictions/Bad Acts**

The Government seeks to admit evidence suggesting that Defendant previously possessed drugs and a firearm. The Government also seeks to admit evidence of several prior convictions. The Government contends that such evidence of prior bad acts and previous convictions are admissible under Federal Rules of Evidence 404(b) and 609. *See* ECF

Nos. 118 & 143. Defendant asks that all such evidence be excluded. *See* ECF No. 137 at 3–5.

As a preliminary matter, it is not clear whether Defendant is going to testify, nor can the Court anticipate what evidence will be introduced at trial. These variables directly impact whether admission of evidence under Rule 609 would be appropriate. As such, **the Court reserves ruling on the admissibility of Defendant's prior convictions based on Rule 609**.

Under Rule 404(b), evidence of prior crimes or other wrong acts is not admissible to demonstrate that a defendant acted in accordance with a particular character trait. *See* Fed. R. Evid. 404(b)(1). Such evidence is only admissible for other purposes, such as proving motive, intent, knowledge, or absence of mistake. *See* Fed. R. Evid. 404(b)(2). In the Ninth Circuit, courts use a four-part test to determine the admissibility of evidence pursuant to Rule 404(b):

> Such evidence may be admitted if:
> (1) the evidence tends to prove a material point;
> (2) the other act is not too remote in time;
> (3) the evidence is sufficient to support a finding that defendant committed the other act; and
> (4) (in certain cases) the act is similar to the offense charged.

*United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quoting *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)).

If the Government proves that the evidence meets each of the above requirements, the Court must still decide whether any prejudicial impact substantially outweighs the probative value of the evidence. *Id.; see also* Fed. R. Evid. 403.

/

2. <u>Conviction for Possession of Methamphetamine</u>

The Government seeks to introduce evidence that on July 27, 2000, Defendant was convicted of Possession of Methamphetamine in Benton County Superior Court, cause number 00-1-00605-9. *See* ECF No. 118 at 2. This conviction, however, is over 17 years old and was for simple possession. As such, the Court finds that, to the extent it tends to prove a material point, the conviction is too remote in time, and any probative value would be outweighed by the risk of unfair prejudice. The Court grants in part this portion of Defendant's motion; **the Government may not rely on Rule 404(b) to introduce evidence of Defendant's July 27, 2000 conviction**.

3. <u>Conviction for Possession of a Firearm and Body Armor</u>

The Government seeks to introduce evidence that on September 6, 2004, Defendant was convicted of Possession of a Firearm by a Prohibited Person, Possession of Body Armor, Possession of a Firearm by a Prohibited Person, and Possession of an Unregistered Firearm in the United States District Court in the Eastern District of Washington, case number 2:04-CR-6045-001. *See* ECF No. 118 at 2–3. Because trial is currently bifurcated such that the jury will not hear evidence relating to Count 4 until after they have already rendered a verdict as to Counts 1–3, the Court finds these convictions do not prove a material point and could be highly prejudicial. The Court grants in part this portion of Defendant's motion; **the Government may not rely on Rule 404(b) to introduce evidence of Defendant's September 6, 2004 conviction**.

/

4. Camera Bag Incident

The Government seeks to introduce evidence that on August 1, 2014, Defendant possessed a firearm and a camera bag containing methamphetamine, cocaine, heroin, packaging materials, ammunition, and Marlboro cigarettes. *See* ECF No. 118 at 3-5. If true, this event is close in time, tends to prove a material point, and is factually similar to the offenses charged. Therefore, the Court denies this portion of Defendant's motion; **assuming the Government is able to lay the requisite evidentiary foundation, the Government may rely on Rule 404(b) to introduce evidence of the August 1, 2014 camera bag incident**.

**II. DEFENDANT'S MOTION TO DISMISS INDICTMENT (ECF NO. 153) AND MOTION FOR DISCOVERY (ECF NO. 154)**

Defendant argues that the Government's decision to bring this case was based on the fact that he is male, and this case therefore amounts to selective prosecution in violation of the Fifth Amendment and Equal Protection Clause of the U.S. Constitution. *See* ECF No. 153. Defendant anchors his argument on the fact that when he was arrested, it was Jasmin Torres who was driving and, despite her long criminal history, she was not charged in this case. *See* ECF No. 153. Defendant also requests that if the Court denies his Motion to Dismiss, the Court nevertheless order the Government to produce internal documents between the Justice Department and the U.S. Attorney concerning any decisions to prosecute Defendant and not to prosecute Ms. Torres. *See* ECF No. 154.

/

**A.  Applicable Law**

When deciding whether to bring charges, the Government's discretion is, of course, subject to constitutional limitations.  The decision to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Oyler v. Boles,* 368 U.S. 448, 456 (1962)).  That said, the Government is given "broad discretion" in how it chooses to enforce national criminal laws. *Armstrong*, 517 U.S. at 464.  When the Government brings charges against a defendant, "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Id.* (quoting *United States v. Chem. Found., Inc.,* 272 U.S. 1, 14–15 (1926)).

Further, a selective-prosecution claim is not a defense on the merits to the criminal charge, but is instead an independent claim by a defendant that the prosecutor has brought the charge for unconstitutional reasons. *Armstrong*, 517 U.S. at 464.  This means that an allegation of selective prosecution draws on "ordinary equal protection standards," such that a defendant must show "that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id*. at 465 (internal citations and quotation marks omitted).  And before a defendant will even be entitled to discovery regarding a selective-prosecution claim, he must first produce credible evidence that the Government could have

prosecuted similarly situated people, but chose not to do so.[1] *See Armstrong*, 517 U.S. at 461–70.

**B.  Analysis**

Defendant has not presented credible evidence of either a discriminatory effect or a discriminatory purpose.  The mere fact that Ms. Torres was not prosecuted for the same offense as the Defendant is not evidence that the Government has a policy of discriminating against men.[2]  After all, Defendant has not shown that the Government could have charged Ms. Torres with similar crimes or that she was otherwise similarly situated to Defendant.  He has also failed to present evidence suggesting that the Government could have brought the same kind of charges against any other similarly-situated women and chose not to do so.  Accordingly, the Defendant is entitled to neither dismissal of the Indictment nor the discovery he requests.  Even if Defendant's motions were timely, the Court would deny both based on their lack of merit.  As discussed below, however, the Court strikes Defendants motions as untimely.

### III.  THE GOVERNMENT'S MOTION TO STRIKE (ECF NO. 158)

The Government asks the Court to strike Defendant's recent motions as untimely.

All pretrial motions, including dispositive motions and discovery motions, were due by no later than September 26, 2017. See

---

[1] The Court notes that Rule of Criminal Procedure 16(a) generally entitles a defendant to discovery materials relating to preparing a defense against the Government's case in chief, but this Rule does not apply to defense theories such as selective-prosecution claims. *See United States v. Armstrong*, 517 U.S. 456, 463 (1996).

[2] Notably, the Government recently brought similar drug charges against multiple women. *See, e.g.*, *USA v. Cervantes et al*, No. 1:16-CR-02006-EFS; *USA v. Defendants et al*, 4:15-CR-06049-EFS.

ORDER ENTERING RULINGS - 7

ECF No. 111. In order for the Court to consider a motion filed after that deadline, a party must show good cause. *See* LCrR 12; *see also* Fed. R. Crim. P. 12(b).

Here, the Indictment was filed more than two years ago. *See* ECF No. 1. Defendant offers no reason for the delay in bringing his current motions, nor does he claim that the motions are based on newly discovered evidence. Moreover, as previously discussed, the Court finds the motions lack merit. Therefore, the Court finds that good cause does not exist to provide relief from the September 26, 2017 motions deadline. Defendant's motions are untimely and shall be stricken.

Accordingly, for the reasons stated above and during the November 28, 2017 Final Pretrial Conference, **IT IS HEREBY ORDERED**:

   **1.** Defendant's Trial Brief, ECF No. 137, is **CONSTRUED** as a Motion in Limine and is **GRANTED IN PART, DENIED IN PART, AND RESERVED IN PART**.

   **2.** The Government's Motion to Strike Defendant's Motions, **ECF No. 158**, and related Motion to Expedite, **ECF No. 159**, are **GRANTED**.

   **3.** Defendant's Motion to Dismiss Indictment, **ECF No. 153**, is **STRICKEN**.

   **4.** Defendant's Motion for Discovery, **ECF No. 154**, is **STRICKEN.**

////
///
//
/

ORDER ENTERING RULINGS - 8

**5.** Defendant's Motion to Expedite, **ECF No. 155**, is **STRICKEN**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this ___30th _ day of November 2017.

                              _s/Edward F. Shea
                              EDWARD F. SHEA
               Senior United States District Judge